UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM DEAN MERRIWEATHER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:16-CV-780 RLM |
| v. | ) |
| | ) |
| SHERRI CISSENERO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

William Dean Merriweather, Jr., a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Officer Sherri Cissenero sexually assaulted him on multiple occasions around Thanksgiving 2014 at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Merriweather is an inmate at the Porter County Jail. Though the details are a bit vague, Mr. Merriweather alleges that around Thanksgiving 2014, while

he was housed at Westville, Officer Cissenero raped him on numerous occasions to obtain sexual arousal or gratification. "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012). In Washington, the plaintiff alleged that "while patting him down the guard spent five to seven seconds gratuitously fondling the plaintiff's testicles and penis through the plaintiff's clothing and then while strip searching him fondled his nude testicles for two or three seconds . . .." Id. at 642. The court explained this stated a claim because, "[w]e don't see how the defendant's conduct if correctly described by the plaintiff could be thought a proper incident of a pat down or search . . .." Id. at 644.

Though many of the details Mr. Merriweather has provided are vague, giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim against Officer Cissenero for sexually assaulting him in or around November 2014.

Mr. Merriweather also alleges that he complained about the sexual assaults to the Superintendent of Westville[1], but nothing was done to ameliorate the problem and the sexual assaults continued.

---

[1] The complaint names the "Head of Westville Correctional Facility," which the court presumes is Mark Sevier, the Superintendent of that facility. (See DE 1, 9.)

> The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations and internal quotation marks omitted). Mr. Merriweather alleges that the Superintendent had direct personal knowledge of him being sexually assaulted and disregarded it, or otherwise turned a blind eye. Giving Mr. Merriweather the inferences to which he is entitled, he has alleged enough to proceed on a claim for deliberate indifference against the Superintendent.

Finally, Mr. Merriweather brings suit against the Indiana Department of Corrections Commissioner. While Mr. Merriweather must be assumed — at this stage of the proceedings — to have personally informed the Superintendent at Westville of the ongoing assaults by Officer Cissenero, Mr. Merriweather only claims that the Commissioner failed to take action after he reported the assaults "on the kiosk & with the PREA . . .."

> Public officials do not have a free-floating obligation to put things to rights. . . . [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing

3

in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). In other words, simply receiving notice that Merriweather filed a complaint doesn't make the Commissioner liable for an Eighth Amendment violation committed by other prison personnel. Mr. Merriweather doesn't allege, nor is there a plausible basis for inferring, that the Commissioner was personally involved in these events, that he had actual notice of the harm, or that he otherwise personally failed to protect Mr. Merriweather from harm at the hands of Officer Cissenero. Consequently, the complaint states no plausible claim against the Indiana Department of Corrections Commissioner.

For the foregoing reasons, the court:

(1) GRANTS William Dean Merriweather, Jr., leave to proceed against Sherri Cissenero in her individual capacity for compensatory and punitive damages for sexually assaulting him in or about November 2014, in violation of the Eighth Amendment;

(2) GRANTS William Dean Merriweather, Jr., leave to proceed against the Mark Sevier, Superintendent of Westville Correctional Facility, in his individual capacity for compensatory and punitive damages for being deliberately indifferent to Sherri Cissenero sexually assaulting him in or about November 2014, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES the Indiana Department of Corrections Commissioner;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sherri Cissenero and Mark Sevier with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(6) ORDERS that Sherri Cissenero and Mark Sevier respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: February __6__, 2017

                                        /s/ Robert L. Miller, Jr.
                                        Judge,
                                        United States District Court