UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM DEAN MERRIWEATHER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:16-CV-780 RLM |
| v. | ) |
| | ) |
| SHERRI CISSENERO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

William Dean Merriweather, Jr., a prisoner representing himself in this case, is proceeding on a claim that Sherri Cissenero sexually assaulted him at the Westville Correctional Facility, and also that Westville's Superintendent, Mark Sevier, was deliberately indifferent to that assault. Mr. Merriweather has filed a motion for a temporary restraining order. He claims that these defendants are illegally confining him on "bogus" parole violations. He explains that he is going before the parole board shortly and asks to be released from the State's custody.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The moving party must show that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief isn't granted. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008). Obtaining a TRO requires the movant to satisfy an even higher standard, by showing "that immediate and

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).

Mr. Merriweather doesn't satisfy the standard for obtaining a TRO. The issues Mr. Merriweather raises in his motion go well beyond the scope of this case. This is a Section 1983 civil rights action. It isn't a habeas corpus action.

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence- shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions – when the decision may be challenged at all, which under Sandin v. Conner will be uncommon.

Moran v. Sondalle, 218 F.3d 647, 650-651 (7th Cir. 2000) (citations omitted). Accordingly, to the extent Mr. Merriweather wants to challenge the fact or duration of his custody, this isn't the case in which to do so. Because the motion seeks relief outside the scope of the complaint, Mr. Merriweather can't obtain relief here. See Williams v. Evelsizer, No. 12-CV-1082, 2013 WL 3337956, * 1 (July 2, 2013 S.D. Ill.) (holding that a plaintiff is not likely to succeed on the merits when he seeks injunctive relief outside the scope of his complaint). If he wants to challenge the fact or duration of his confinement, he must do that in a separate habeas corpus proceeding, after exhausting his state remedies.[1] The court offers

---

[1] Notably, there are two possible methods for challenging a parole determination in Indiana court: by filing a state post-conviction petition, Receveur v. Buss, 919 N.E.2d 1235 (Ind. Ct. App.2010), or by filing a state habeas petition. Lawson v. State, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006).

no opinion about the merits of any potential claim he may have or the wisdom of pursuing this course.

For the foregoing reasons, the court DENIES the motion for a temporary restraining order (ECF 33).

SO ORDERED.

ENTERED: June 27, 2017

/s/ Robert L. Miller, Jr.
Judge,
United States District Court